# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**ETHEL COY and LU ANN GUY,**
**individually and on behalf of all those**
**similarly situated,**

                        **Plaintiff,**

**-vs-**                                        Case No.  **2:05-cv-103-FtM-33DNF**

**ALLSTATE FLORIDIAN INSURANCE**
**CORPORATION,**

                        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION FOR CLASS CERTIFICATION (Doc. No. 35)** |
| **FILED:** | **August 22, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

The original Motion to Certify Class (Doc. 17) was referred to this Court by Order (Doc. 19)

by the Honorable Virginia M. Hernandez Covington, United States District Judge on May 4, 2005.

The Court granted the Plaintiffs leave to amend the Motion for Class Certification and mooted the

original Motion for Class Certification. (See, Doc. 41).  The Amended Motion for Class Certification

(Doc. 35) was filed on August 22, 2005, and subsequently referred to this Court for a report and

recommendation. A Memorandum of Law In Opposition (Doc. 46) was filed on November 21, 2005.[1]

A First Amended Complaint (Doc. 31) was filed on August 19, 2005.  Plaintiffs Ethel Coy and Lu

Ann Guy bring this action pursuant to a breach of contract and a breach of fiduciary duty on behalf

of the Defendant, Allstate Floridian Insurance Corporation ("Allstate").  Plaintiffs seek relief in the

form of damages on behalf of themselves and other similarly situated individuals.

The claims in this case involve individuals whose property sustained water intrusion which

resulted in mold, fungus, wet rot, or dry rot (collectively "Mold") damaging their property as the result

of Hurricanes Jean, Francis, Ivan or Charley in 2004.  These individuals had insurance policies with

Allstate for mold, fungus, wet rot or dry rot remediation.  Plaintiffs have moved for certification of

the following class:

> All persons who had valid policies of insurance with the Defendant for mold, fungus,
> wet rot and/or dry rot ("Mold") remediation and who sustained water intrusion
> resulting in Mold damage to an insured structure as a result of Hurricanes Jean,
> Francis, Ivan and/or Charley in 2004, but were not advised by Defendant of such Mold
> coverage, did not receive an assessment and/or determination from Defendant
> regarding Mold damage, and did not receive compensation from the Defendant for the
> remediation of Mold up to the policy limit of Ten Thousand Dollars ($10,000.00).

(Amended Motion for Class Certification, Doc. 35, p. 1).


**Allegations in the First Amended Complaint**

The allegations which are common to all Plaintiffs are that they are valid policyholders of

property insurance with Allstate. (Com. ¶24).  These policies contain a clause for Mold remediation

with a limit of $10,000.00. (Com. ¶24).  Plaintiffs' property sustained water intrusion which resulted

---

[1] The parties requested that a ruling on the Amended Motion for Class Certification be
stayed which the Court granted in part and extended the time to respond for a period of 60 days.

in Mold as a result of Hurricanes. (Com. ¶25).   Allstate failed to advise Plaintiffs of the Mold

coverage in their policies, and failed to investigate the presence of Mold on their property.   No

procedures were determined for Mold remediation for the properties. (Com. ¶¶26, 27). Plaintiffs have

not been compensated for Mold remediation under their policies.  (Com. ¶28).  Plaintiffs claim that

Allstate has a company-wide policy to deny valid claims for Mold remediation expenses. (Com. ¶29).

A synopsis of the individual allegation of the two names Plaintiffs are as follows:

Lu Ann Guy

Plaintiff, Lu Ann Guy ("Guy") is a resident of Lee County Florida.   (Com.[2] ¶6).   Guy

purchased a homeowner's insurance policy from Allstate for her residence in Florida and timely paid

premiums on the policy.  (Com. ¶16).  Her insurance policy provided for coverage up to $10,000.00

for remediation of Mold as a result of certain covered events.  (Com. ¶17).  On August 13, 2004, Guy

sustained damage to her residence as a result of wind and rain from Hurricane Charley.  (Com. ¶18).

Portions of her roof were blown away by Hurricane Charley and water entered her residence.  (Com.

¶18).  Her residence became infested with Mold.[3]  (Com. ¶18).  Guy made a claim for payment for the

damages under her policy.  (Com. ¶19).  Allstate sent an adjuster to Guy's residence to inspect the

damage, and prepare an evaluation to determine the amount Allstate was required to pay under the

terms of the insurance policy. (Com. ¶20).  Guy asserts that the adjuster had actual or constructive

knowledge of the water intrusion, however Allstate never advised Guy of the coverage she had under

policy for Mold remediation.  (Com. ¶21).  Further, the adjuster did not investigate for the presence

of Mold so that a determination could be made for the procedures for Mold remediation. (Com. ¶21).

---

[2] "Com." refers to the First Amended Complaint, Doc. 31.

[3] The term "Mold" is used to represent mold, fungus, dry rot, and/or wet rot.

Allstate failed to compensate Guy for her Mold damage and breached its fiduciary and common law duties owed to Guy.  (Com. ¶21).


Ethel Coy

Plaintiff, Ethel Coy ("Coy") is a resident of Okaloosa County, Florida.  (Com. ¶7).  Coy purchased a homeowner's insurance policy from Allstate for her residence and timely paid the premiums. (Com. ¶9). Coy's policy had a provision that covered up to $10,000.00 for the remediation of Mold as a result of certain covered events.  (Com. ¶10).  On September 16, 2004, Coy sustained damage to her home as a result of wind and rain from Hurricane Ivan.  (Com. ¶11).  There was water intrusion from a tree falling on her roof and from other damage to the residence.  (Com. ¶11).  Her residence became infested with Mold.  (Com. ¶11).  Coy made a claim for payment for damages under her insurance policy, and Allstate investigated Coy's claim by sending an adjuster to the residence. (Com. ¶¶12, 13).  The adjuster inspected the damage and was to prepare an evaluation of the amount of money needed to repair the damage.  (Com. ¶13).  Coy asserts that the adjuster had actual or constructive knowledge of the water intrusion, but failed to notify Coy of the coverage available for Mold remediation under her policy and failed to investigate for the presence of Mold to determine the appropriate procedures to remove it.  (Com. ¶14).

In Count I, the Plaintiffs allege that Allstate breached its duty by failing to compensate Plaintiffs under their insurance policies for Mold remediation and damage. (Com. ¶¶40-45). In Count II, Plaintiffs allege that Allstate created an express or implied fiduciary duty to Plaintiffs to provide Plaintiffs with the benefits they are entitled to under their insurance policies for Mold remediation up to $10,000.00.  (Com. ¶¶46-55).

**Analysis**

The question of whether to certify a class is left to the sound discretion of the district court. *Cooper v. Southern Company*, 390 F.3d 695, 711 (11ᵗʰ Cir. 2004). The party moving for class certification has the burden of proof to establish the propriety of the class certification. *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181, 1187 (11ᵗʰ Cir. 2003), citing *Jones v. Diamond*, 519 F.2d 1090, 1099 (5th Cir.1975), *Heaven v. Trust Co. Bank*, 118 F.3d 735, 737 (11th Cir.1997). In order to certify a class, all the requirements of Fed.R.Civ.P. 23(a) must be met, as well as one requirement of Fed.R.Civ.P. 23(b). *Hines v. Widnall*, 334 F.3d 1253, 1255 (11ᵗʰ Cir. 2003). The four elements required for class certification are: 1) numerosity, the class is so numerous that joinder of all members is impracticable; 2) commonality, there are questions of law or fact common to the class; 3) typicality, the claims or defenses of the class are typical; and 4) adequacy, the class representative will fairly and adequately protect the interests of the class. *Id*. at 1255-56, *Franze v. Equitable Assurance*, 296 F.3d 1250, 1253 (11ᵗʰ Cir. 2002), citing Fed.R.Civ.P. 23(a).

Rule 23(b) requires plaintiffs to show that either (1) the prosecution of separate action would create a risk of inconsistent results, or (2) the defendant acted in ways generally applicable to the class making injunctive relief appropriate; or (3) there are common questions of law or fact common to members of the class that predominate over questions affecting only individual members. *Franze v. Equitable Assurance*, 296 F.3d at 1253, citing Fed.R.Civ.P. 23(b). The district court is required to evaluate the requirements of a class certification even if not seriously contested by the defendants. *Valley Drug Co. v. Geneva Pharmaceuticals*, 350 F.3d 1181, 1188 (11ᵗʰ Cir. 2003). A trial court should not determine the merits of the claims at the class certification stage, however, the trial court

can consider the merits of the case "to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Id*. at 1188, n. 15.

Allstate opposed class certification arguing that the Plaintiffs do not have standing and are not proper class representatives for the proposed class. Allstate also asserts that Plaintiffs' claim are not typical of the putative class claims, and Plaintiffs have failed to establish common questions of law or fact. Allstate claims that the individual claims require fact-intensive inquires and are not appropriate for class treatment.

### Standing[4]

Allstate contends that named class representatives lack Article III standing to raise the claim for the class. Allstate asserts that the Plaintiffs never allege that they made a claim for Mold remediation benefits under their policies or that Allstate denied their Mold remediation claims. Allstate claims that no case or controversy exists when an insured has not provided notice of a claim under the policy to the insurance company. The insurance company has no notice of its potential liability under the policy. The Plaintiffs respond to this argument in their Opposition to Defendant's Motion to Dismiss (Doc. 42) arguing that the Plaintiffs filed claims under their policies

Before beginning its analysis under Fed.R.Civ.P. 23, the Court must first determine that at least one named class representative has standing pursuant to Article III to raise each class claim. *Murray v. U.S. Bank Trust Nat. Ass'n.*, 365 F.3d 1284, 1289, n. 7, (11th Cir. 2004). "Without individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise

---

[4] The Court is aware that the issue of standing was raised in the Motion to Dismiss and will be dealt with in depth when that Motion is determined. For class certification purposes, the Court must consider the merits of the case "to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Valley Drug Co. v. Geneva Pharmaceuticals*, 350 F.3d 1181, 1188 n.15 (11th Cir. 2003).

the same claim on behalf of a class." *Hines v. Widnall*, 334 F.3d 1253, 1256 (11th Cir. 2003).  The

Court must determine that at least one named class representative has Article III standing to raise the

class claim.

Allstate claims that the Plaintiffs lack standing because they failed to file a specific claim for

Mold damage and remediation under their policies.  The Plaintiffs argue that they filed a general claim

for damage under their policies which satisfied the requirements of the policies and that there is no

specific requirement that they file a special claim for Mold damage and remediation.  In the policy,

after a loss, the insured must promptly give Allstate notice of the loss, protect the property from any

further loss, and provide a detailed list of the damaged or destroyed property.  (Doc. 20, Exhibit 5, p.

21)   Allstate does not cite to a provision in the policy that requires a special notification for Mold

damage.  Further, the cases cited by Allstate require that the insured provide notice to the insurance

company to have standing, but none of them specifically require the insured to provide notice for Mold

damage or remediation in addition to a general notice of damage.  *See, Atlanta Gas Light Company

v. Aetna Casualty and Surety Company*, 68 F.3d 409, 414-415 (11th Cir. 1995), *Miami Children's

Hospital v. H.R. Bentley Co., Inc.*, 1992 U.S. Dist. Lexis 4997 (S.D. Fla. 1992).  For the purposes of

class certification, the Court determines that the Plaintiffs have standing to bring this action based

upon their providing a notice of damage to Allstate.


**Class Definition**

A second preliminary matter which must be determined prior to the Court making its analysis

under Fed.R.Civ.P. 23 is whether the class definitions are precise enough to identify class members.

*Perez v. Metabolife International, Inc.*, 218 F.R.D. 262, 266 (S.D. Fla. 2003).  "'An identifiable class

is essential so that the Court can determine whether a particular claimant is a class member.'" *Id.*,

(citations omitted).  An implicit requirement of Rule 23 is that the class be "'adequately defined and

clearly ascertainable."  *Rink v. Cheminova, Inc.*, 203 F.R.D. 648, 659 (M.D. Fla. 2001), citing

*Debremaecker v. Short*, 433 F.2d 733, 734 (5ᵗʰ Cir. 1970).  "A vague class definition portends

significant manageability problems for the court."  *Id*. at 660.

The class definition is all persons who have valid insurance policies with Allstate for Mold,

who sustained water damage that resulted in Mold damage to their insured structures due to hurricanes

Jean, Francis, Ivan and/or Charley in 2004 and were not advised by Allstate of the Mold coverage and

did not receive an assessment or determination from Allstate of Mold damage and did not receive

compensation for Mold remediation up to the policy limit of $10,000.  Although this class definition

is detailed, the class of plaintiffs is overly broad in that it does not require that the class members to

have provided notice to Allstate of damage to their structure.  The cases cited by Allstate in its

argument for standing apply to the definition of the class members in that an insured must have

provided notice of a claim under an insurance policy for the insured to have standing to bring a claim.

*See, , Atlanta Gas Light Company v. Aetna Casualty and Surety Company*, 68 F.3d 409, 414-415 (11ᵗʰ

Cir. 1995).  The class definition will have to be amended to include those individuals that provided

notice to Allstate of water damage leading to Mold damage from Hurricanes Jean, Francis, Ivan or

Charley in 2004.  Even though the Court finds that the class definition must be amended, the Court

will continue with its analysis under Rule 23.

**Rule 23(a) Requirements**

Numerosity

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1).  Plaintiffs seeking class certification do not need to know the exact size of the proposed class.  *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 696 (S.D. Fla. 2004).  While the size of the proposed class is relevant to the court's determination, other factors such as "'the geographic diversity of the class members, the nature of the action, the size of each plaintiff's claim, judicial economy and the inconvenience of trying individual lawsuits, and the ability of the individual class members to institute individual lawsuits'" should also be considered.  *Id.*, *citing In re Terazosin Hydrochloride Antitrust Litigation*, 220 F.R.D. 672, 685 (S.D. Fla 2004), *citing Walco Inv., Inc. v. Thenen*, 168 F.R.D. 315, 324 (S.D. Fla. 1996).

The Plaintiffs estimate that the proposed class of individuals who sustained Mold damage is likely to be in the thousands.  The Plaintiffs ask that the Court assume that the proposed class consists of several hundred.  Allstate has not disputed the Plaintiffs' assertion that the numerosity requirement is satisfied, and the Court determines that the numerosity requirement is satisfied.

Typicality

The main focus of the typicality requirements is that the plaintiffs will advance the interests of the class members by advancing their own interests.  *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 698 (S.D. Fla. 2004).  "'Typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large.'"  *Cooper v. Southern Company*, 390 F.3d 695, 713 (11th Cir. 2004), *citing Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000).  "The

typicality requirement is satisfied if 'the claims or defenses of the class and class representative arise from the same event or pattern or practice and are based on the same theory.'" *Agan*, 222 F.R.D. at 698, *citing Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984).   The typicality requirement is generally met if the class representative and the class members received the same unlawful conduct, irrespective of whether the fact patterns that underlie each claim vary. *Agan*, 222 F.R.D. at 698.   The main concern is whether the named class representatives' claims have the same essential characteristics as the class members at large. *Id.*[5]

The Plaintiffs argue that the named class representatives are policyholders who were not advised that they had Mold coverage and failed to receive proper investigation and remediation for their Mold damage.  Their legal theories of breach of fiduciary duty and breach of contract are the same for the named representatives and the putative class.  The Plaintiffs contend that even though the levels of damage vary from policyholder to policyholder, all of the damage is the same type, i.e. Mold contamination.  Allstate responds that Ms. Guy's claim had been investigated and paid to her counsel, and she has not demonstrated that she suffered any further damages above her recovery.  Allstate also responds that Ms. Coy's claim did not exceed her deductible so she had no right to recover damages.  Allstate argues that its liability for each insured's Mold claim will depend upon the specifics of his or her claim, and class treatment is not warranted.

_____

[5]  The typicality and commonality requirements "tend to merge." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13 (1982).  "Traditionally, commonality refers to the group characteristics of the class as a whole and typicality refers to the individual characteristics of the named plaintiff in relation to the class." *Prado-Steiman v. Bush*, 221 F.3d 1266, 1278-9 (11th Cir. 2000).  Neither typicality nor commonality require that all class members' claims be identical, and both may be satisfied even if some factual differences exist between the class member and the class representatives. *Id.* at 1279 n.14.

The typicality requirement is satisfied if the claims of the class representatives arise from the same pattern or event and are based on the same theory of law. The pattern or event in this case is water damage leading to Mold damage sustained from certain hurricanes that occurred in 2004 on structures that were insured against Mold damage by Allstate. The Plaintiffs set forth two legal theories to recover which are a breach of fiduciary duty and a breach of contract. Although the fact patterns that underlie each claim do vary, the typicality requirement is met by the class representatives having the same pattern or event and the same theory of law as the proposed class. The Court concludes that the Plaintiffs have satisfied the typicality requirement.

Commonality

The "commonality requirement measures the extent to which all members of a putative class have similar claims. 'Traditionally, commonality refers to the group characteristics of the class as a whole [while] typicality refers to the individual characteristics of the named plaintiff in relation to the class.' [*Prado-Steiman*, 221 F.3d at 1279]. Under the commonality requirement, 'a class action must involve issues that are susceptible to class wide proof.'" *Cooper*, 390 F.3d at 714, citing *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir. 2001). The Plaintiffs contend that questions of law and fact are common to the class members. Specifically, the Plaintiffs identify the following as the common legal and factual claims:

1. All the class members had/have valid and enforceable insurance policies with Defendant;
2. All the class members sustained water intrusion resulting in Mold damage to their insured structures;
3. None of the class members were advised by Defendant that they had Mold coverage under their policies;
4. All of the class members are seeking recovery based on breach of fiduciary duty arising out of the failure of Defendants to advise them of Mold coverage under their policies;

5.  All of the class members were denied a proper investigation by Defendant to determine the presence of Mold;

6.  All the class members have the same or similar Mold provisions in their insurance policies;

7.  All of the class members are seeking recovery under the same or similar Mold provision in their policies;

8.  All of the class members were denied compensation from Defendant for the remediation of Mold;

9.  All of the class members are entitled to and seek the same form of remedy, which is, compensation for Mold remediation up to the policy limit of $10,000; and

10.  The law of a single state, Florida, applies to all claims.

The Plaintiffs set forth the following questions of law and fact that are common to the class:

1.  Whether the class members' structures are contaminated with Mold;

2.  Whether the Defendant failed to comply with statutes, case law, regulations, contract terms, and/or approved rules with regard to conducting an investigation to determine the presence of Mold;

3.  Whether the Defendant directed its employees and adjusters to ignore the presence of Mold during their investigations of class members' claims;

4.  Whether the Defendant's actions and omissions constituted a breach of fiduciary duty;

5.  Whether the Defendant's actions and omissions constituted a breach of contract; and

6.  Whether the class members are entitled to recover damages and, if so, the proper measure of such damages.

Allstate argues that the lack of payment for Mold remediation for one insured's claim after a hurricane cannot be uniform as to the lack of payment for any other claim.  Allstate contends that all the claims raised by the policyholders are individual claims each having his or her own specific set of facts. Allstate asserts that whether a structure has Mold damage and whether it should have been found on an inspection of the premises would be impossible to determine on a class basis.  Further, Allstate argues that the damage sustained by each policyholder will differ.  Allstate contends that for each claim, the policyholder must establish her entitlement to insurance benefits by showing compliance with the policy conditions and the existence of coverage; the damage to the structure from Mold; and the specific amount owed under her claim which must take into account the deductibles and policy limits.

Commonality refers to the common characteristics of the group as a whole. In the instant case, there are common characteristics of the group, namely, policyholders with Allstate who have a Mold remediation clause in their policy, have Mold damage, were not told of their Mold remediation clause by Allstate, were denied a proper investigation, and have Mold based upon water damage from a hurricane in 2004. However, the policyholders have many issues that are not common to the class. The language of the Mold remediation clause in the policies will differ from policyholder to policyholder. The investigation of the Mold will differ from no investigation to a thorough investigation. The amount of Mold damage and the type of remediation needed will differ. These issues are not susceptible to class wide proof. Reviewing the status of Guy's claim, according to Allstate, her property was inspected for Mold damage and a check was sent to her counsel for Mold remediation, whereas at Coy's premises, an inspector attempted to inspect the interior of the premises but Coy was not home and the inspector had no access to the premises. The proof for both of the named Plaintiff's claims would differ greatly. The Court concludes that the Plaintiffs failed to show that all of the members of the class have common factual claims.

Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). There are two separate inquiries under this section: (1) whether there are any substantial conflicts of interest between the named representatives of the class and the class members; and (2) whether the representatives will adequately prosecute the action. *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003). This requirement serves to uncover any conflict of interest that named parties may have with the class they

represent. *Amchem Products, Inc., v. Windsor*, 521 U.S. 591, 627 (1997). "If substantial conflicts of

interest are determined to exist among a class, class certification is inappropriate." *Id.* Minor conflicts

alone will not defeat class certification, the conflict must be "'fundamental'" to the specific issues in

the case. *Id.* Under this section, the Court must also consider the competency and any conflicts that

the class counsel may have. *Amchem Products, Inc.* 521 U.S. at 627, n. 20.

The Plaintiff's counsel contends that he has experience in mass tort and class action litigation,

and have represented thousands of individuals in similar class actions. He states that he has the

financial resources to dedicate to this prosecution and the named Plaintiffs are committed to pursuing

this action. Allstate argues that the named Plaintiffs have presented no evidence that they can fairly

and adequately represent the putative class. Allstate argues that Coy does not know the terms of her

policy as to Mold, never mentioned Mold damage to investigators, and is not financially committed

to the lawsuit being unable to contribute $1,000 for payment of costs. Allstate has failed to show any

conflict of interest between Coy and the putative class, and failure to know the terms of her policy or

having the financial wherewithal to contribute to the prosecution of the case does not preclude her

from being a class representative. Upon review of the arguments, the Court concludes that the

Plaintiffs have satisfied the adequacy of representation requirement under Rule 23(a).

**Rule 23(b) Requirements**

The Plaintiffs contend that their claims are maintainable under Rule 23(b)(3).[6]  For class

certification to be appropriate under Rule 23(b)(3), common questions must predominate over

questions that affect only individual members and the class action must be a superior method for a

"'fair and efficient adjudication of the controversy.'" *Cooper*, 390 F.3d at 722, *citing* Fed.R.Civ.P.

23(b)(3).  Rule 23(b)(3) imposes two additional requirements to Rule 23(a) which are the requirements

of increased efficiency and predominance.  *Id., citing Jackson v. Motel Six*, 130 F.3d 999, 1006 (11th

Cir. 1997).

Predominance

The issues raised in the class action that are subject to generalized proof and which are

applicable to the class as a whole "'must predominate over those issues that are subject only to

individualized proof.'" *Id*., *citing Kerr v. City of W. Palm Beach*, 875 F.2d 1546, 1558 (11th Cir.

1989).  "Common issues will not predominate over individual questions if, 'as a practical matter, the

resolution of . . . [an] overarching common issue breaks down into an unmanageable variety of

---

[6]  Rule 23(b)(3) provides as follows:

(b) Class Actions Maintainable.  An action may be maintained as a class action if the
prerequisites of subdivision (a) are satisfied, and in addition: . . .
(3) the court finds that the questions of law or fact common to the members of the class
predominate over any questions affecting only individual members, and that a class action is
superior to other available methods for the fair and efficient adjudication of the controversy.  The
matters pertinent to the findings include: (A) the interest of members of the class in individually
controlling the prosecution or defense of separate actions; (B) the extent and nature of any
litigation concerning the controversy already commenced by or against members of the class; (C)
the desirability or undesirability of concentrating the litigation of the claims in the particular
forum; (D) the difficulties likely to be encountered in the management of a class action.
Fed.R.Civ.P. 23(b)(3).

individual legal and factual issues.'" *Id.*, *citing Andrews v. Am. Tel. & Tel. Co.,* 95 F.3d 1014, 1023 (11ᵗʰ Cir. 1996). A class should not be certified if it appears that most of the plaintiffs claims have highly case-specific factual issues. *Id.* The predominance requirement is "far more demanding" than the commonality requirement. *Jackson*, 130 F.3d at 1005.

The Plaintiff argue that there are numerous questions of fact and law common to the class. The Plaintiffs contend that their claims are predicated on the same or similar contract provisions, the same type of damage, the same conduct of Allstate, the same theories of liability and the need for the same remedy. Allstate argues that the fundamental issue is not a contract interpretation but whether each individual policyholder suffered Mold damage to her residence. Allstate also argues that no other policyholder will be affected by the fact-finder's decision concerning any other policyholder. Each set of facts is distinct for each policyholder.

The Court agrees with the Plaintiffs that there are common theories of law for all of the putative class. However, as the Court found in analyzing the commonality requirement, the common questions of fact do not predominate over questions of individualized proof for each individual policyholder. The language of the Mold remediation clause in the policies will differ from policyholder to policyholder. The investigation of the Mold will differ from no investigation to a thorough investigation. The amount of Mold damage and the type of remediation needed will differ. These issues are not susceptible to class wide proof. As a practical matter, the individual factual issues will make the class action unmanageable because most of the putative class members' claims are highly case-specific factual issues. The Court concludes that the Plaintiffs have failed to meed the requirements predominance.

Superiority of Class Action

Rule 23(b)(3) requires that court to find that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). The Court looks to the four non-exclusive matters listed in Rule 23(b)(3) which are:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action. Fed.R.Civ.P. 23(b)(3).

The parties have not apprised the court of pending suits by individual class members which suggests that they lack any compelling interest in controlling the prosecution of this action. *Jim Moore Ins. Agency, Inc. v. State Farm Mut. Auto*, 2003 WL 21146714, *13 (S.D. Fla. 2003).

The Plaintiffs argue that a class action would be the superior method of fairly and efficiently adjudicating this controversy. The Plaintiffs claim that class treatment would avoid needless duplication of discovery and trial because the proceedings would uniformly apply to the putative class. Allstate argues that the individual factual inquiries will require mini-trials for each putative class member, and will require each putative class member to establish entitlement to benefits under the policy separately. The Court concurs with Allstate's argument that this class litigation is not a superior method of litigating these individual's claims because of the difficulty in managing the class action. The individual policyholder's have the ability to bring separate actions. The Court concludes that the Plaintiffs have failed to show that a class action is superior to other available methods of litigation.

**Conclusion**

The Court concludes that the Plaintiffs have failed to meet their burden under Fed.R.Civ.P. 23(a) and 23(b)(3), and the Court respectfully recommends that the Amended Motion for Class Certification (Doc. 35) be denied.


Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this ___24th___ day of January, 2006.


_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE


Copies:

All Parties of Record