# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**ETHEL COY and LU ANN GUY,**
**individually and on behalf of all those**
**similarly situated,**

                **Plaintiff,**

**-vs-**                               **Case No. 2:05-cv-103-FtM-99DNF**

**ALLSTATE FLORIDIAN INSURANCE**
**CORPORATION,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 93)** |
| **FILED:** | **August 3, 2006** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part. |

The Plaintiff, Ethel Coy is requesting that the Court award attorney's fees, costs, and prejudgment interest. The Plaintiffs' counsel is seeking to recover $180,739.34[1] in attorney's fees

---

[1] This amount was set forth in Exhibit A attached to the Amended Motion for Attorney's Fees and Costs (Doc. 93). In the Memorandum in Opposition (Doc. 93), Allstate asserts that Coy is requesting $192,849.34. This amount was set forth in the original Motion for Attorney's Fees and Costs (Doc. 88), however, the original Motion for Attorney's Fees and Costs was denied as

and costs, and prejudgment interest in the amount of $420.12 for Lu Ann Guy and $560.73 for Ethel Coy. Allstate Floridian Insurance Corporation ("Allstate") asserts that the request for fees, costs, and prejudgment interest is excessive.

**I. Procedural History**

On March 9, 2005, the Complaint (Doc. 1) was filed by Lu Ann Guy[2] on behalf of herself and all those similarly situated. On August 19, 2005, an Amended Complaint was filed (Doc. 31) which added the present plaintiff Ethel Coy. The allegations related to Ethel Coy are that her property sustained water damage from the 2004 hurricane season, and this water damage eventually caused mold, fungus, wet rot, or dry rot. Coy's insurance policy covered mold, fungus, wet rot, and dry rot damage, however Allstate failed to compensate Coy for this damage. An Amended Motion for Class Certification (Doc. 35) was filed and was later denied (See, Doc. 51, Report and Recommendation denying Amended Motion for Class Certification, and Doc. 54, Order adopting Report and Recommendation denying class certification). The action proceeded with the individual Plaintiffs.

On March 10, 2006, the Plaintiff Lu Ann Guy filed a Notice of Voluntary Dismissal (Doc. 59) and Lu Ann Guy was dismissed with prejudice by Order (Doc. 60) on March 10, 2006. On May 22, 2006, a Notice of Settlement (Doc. 81) was filed as to Ethel Coy. The Notice of Settlement included the following language:

> Allstate Floridian agrees to pay Coy reasonable attorney's fees and costs as a result of Allstate Floridian's payment of mold remediation benefits. These fees and costs shall be determined by mutual agreement between the parties or, if no agreement can be

---

moot based upon the filing of the Amended Motion. (See Order, Doc. 101).

[2] The instant Motion was filed by Ethel Coy only.

reached by the parties within 30 days of this notice, the parties will submit the issue to the Court for its resolution following the filing of a proper motion, response and any necessary hearing.

On July 5, 2006, the Court entered an Order (Doc. 86) which dismissed the claims of Ethel Coy against Allstate with prejudice. The Court permitted the filing of motions for attorney fees and costs within fourteen (14) days from the date of the Order. (See, Doc. 86). A Judgment (Doc. 87) was entered on July 10, 2006.

The Plaintiffs filed a Motion for Attorney Fees and Costs (Doc. 88) which was denied as moot (See, Doc. 101), and the instant Amended Motion for Attorney Fees and Costs (Doc. 93). Allstate filed its Memorandum of Law in Opposition and exhibits (Docs. 94 and 95), and Coy filed her Reply (Doc. 98) to the Memorandum of Law in Opposition. Allstate also filed a Notice of Supplemental Authority (Doc. 99). Pursuant to the Settlement Agreement between the parties, Allstate agreed to pay reasonable attorney's fees and costs, however Allstate argues that the amounts requested and the rates charged are not reasonable.

This Court must resolve the dispute as to attorney's fees by applying the law as stated in the case of *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) to determine the reasonable attorneys fees to be awarded. As stated in *Norman*, the starting point in any determination for an objective estimate of the value of an attorney's services is to multiply hours reasonably expended by a reasonable hourly rate. *Id.* at 1299, citing *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation. *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11, 104 S.Ct. 1541, 1547 n.11,

79 L.Ed.2d 891 (1984). The burden lies with the applicant to establish that the requested rate is in line with the prevailing market rates.

**II. Reasonable Hours**

Allstate asserts that the number of hours should be reduced for hours expended on the other Plaintiff, for hours expended on the unsuccessful attempt to certify a class, and for unnecessary activities. Coy asserts that the hours expended are reasonable and recoverable on non-prevailing issues. The district court has discretion in determining the amount of attorney's fees to be awarded. *Natco Ltd. Partnership v. Moran Towing of Florida, Inc.*, 267 F.3d 1190, 1196 (11th Cir. 2001). In determining reasonable hours expended, the Court must consider the *Johnson* factors which are as follows: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir.[3] 1974), *see also*, *Dowdell v. City of Apopka, Florida*, 698 F.2d 1181, 1187, n. 8 (11th Cir. 1983). In reviewing the hours of the attorneys, the Court cannot award compensation for hours that are excessive, redundant or otherwise non-billable time. *See*, *Hensley*, 103 S.Ct. at 1939.

---

[3] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir., 1981) (*en banc*),the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The Court reviewed the time and labor expended and reviewed each time entry. Coy asserts that the claim raised was novel regarding Allstate owing her a fiduciary duty as to adjusting her claims involving mold, and Allstate breached its duty to properly inspect her mold claim. Upon review of the case, the Court finds that the claims raised were not complex or novel. The case involves an insurance company failing to pay a claim under its policy. Even though one issue may have been novel, the entire case was not. The attorneys' skill as to Coy's claim was not out of the ordinary, and the attorneys were not precluded from taking other cases based upon Coy's claim. The Court recognizes that this is a contingent fee case, but there is no evidence that any time constraints were involved in the case. The results obtained were not outstanding compared to the request for fees. The insurance policy limit was $10,000, and Allstate paid Coy $4,294.13 for her mold damage. The experience of counsel will be discussed in the section concerning their hourly rate. Coy has not shown that this case was undesirable, and her relationship with counsel was from August 2005 to July 2006, which is less than a year. The Court determines that the hours expended in this case are not reasonable.

The Court reviewed the attorney's time records for time that was redundant. There was a great deal of time charged by two attorneys or paralegals for the communicating with one another regarding the case. The Court finds this time redundant and will allow only one attorney to charge for the time that he was communicating with another attorney or paralegal in the case.

### A. Hours Expended for Lu Ann Guy's Claims

Coy asserts that the hours expended prior to her joining the lawsuit on August 19, 2005 should be recoverable. Coy argues that attorney fees are recoverable from the time the attorney/client

relationship is established citing *Dowdell v. City of Apopka, Florida*, 698 F.2d 1181 (11th Cir. 1983). Allstate argues that those hours were expended on Lu Ann Guy's case and not on Coy's case and should not be recoverable. Lu Ann Guy settled her case by filing a Notice of Voluntary Dismissal with Prejudice (Doc. 59) which was accepted by the Court and the case was dismissed by Order (Doc. 60) against Ms. Guy on March 10, 2006. The Court does not find support in the *Dowdell* case for the proposition that fees are recoverable for anyone other than the work done for Coy. Guy settled with Allstate and whether or not fees were paid for the time expended in Guy's case is not known to the Court. The Court will award fees for time expended on the Amended Complaint and for time expended thereafter on Coy's case, and will deduct the time spent on Lu Ann Guy's case.

### B. Hours Expended on Attempted Class Certification

Allstate argues that the hours expended on the issue of class certification should not be recoverable since the motion for class certification was denied. Coy argues that even if the Plaintiff does not prevail on certain issues, the hours expended on the non-prevailing issues are recoverable citing to *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) and *Dowdell v. City of Apopka, Florida*, 698 F.2d at 1187. The Supreme Court found in civil rights cases that

> the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley v. Eckerhart*, 461 U.S. at 435.

Coy cites to the case of *O'Neal v. City of Seattle*, 66 F.3d 1064 (9th Cir. 1995) for the proposition that time expended on a motion for class certification that was denied is recoverable. In

*O'Neal*, the Court determined that class certification was one method of pursuing the plaintiff's claim to prevent the city from refusing water service to her and others that were similarly situation. *Id.* at 1069. The class was not certified based upon lack of numerosity. *Id.* In the instant case, the Motion for Class Certification was denied based upon a lack of commonality and predominance of the claims, and the superiority of a class action over other types of litigation. (*See,* Doc. 51, p. 13, 16-17). Coy's claim and the issues regarding class certification were distinct. Further, the time spent on the issues related to class certification were easily separable from the time expended on Coy's claim. Therefore, the Court will deduct the time spent on the issues of class certification from the recoverable time.

### C. Number of Recoverable Hours

| Attorneys | Hours Requested | Recoverable Hours |
|---|---|---|
| Bryan Aylstock | 5.2 | 1.3 |
| Justin Witkin | 6.7 | 1 |
| Douglass Kreis | 6.6 | 2.9 |
| Neil Overholtz | 13.9 | 5 |
| Jason Richards | 240.7 | 97.4 |
| Joshua Jones | 25.3 | 25.3 |
| Russell Rein | .4 | 0 |
| Alan Jackson | 35 | 16 |
| Danny Hackney | 20.8 | 0 |
| **Paralegals** | | |
| Wanda Jenkins | 9.9 | 3.8 |
| Angela Blankenship | .8 | 0 |
| Sarah Elder | 8.7 | 0 |

| Allison Smith | 8.9 | 5.6 |
| --- | --- | --- |
| Melissa Bach | .5 | .5 |

### III. Multiplier

"After determining the lodestar by multiplying the reasonable hourly rate times the hours reasonably expended, the court must determine the necessity of an adjustment for the results obtained. *Norman,* 836 F.2d at 1302. When determining a proper amount of fees based upon a contract, the court must make findings as to the appropriateness of an enhancement factor. *Wolfe v. Nazaire*, 758 So.2d 730, 733 (Fla. 4th DCA 2000). The court should consider whether a multiplier is appropriate in contingent fee cases. *Id*. A multiplier may be considered

> if the evidence in the record established that: (1) the relevant market requires a contingency multiplier to obtain competent counsel; (2) the attorney was unable to mitigate the risk of nonpayment in any other way; and (3) use of a multiplier is justified based on factors such as the amount of risk involved, the results obtained, and the type of fee arrangement between attorney and client.

*Id*.

Coy failed to provide any evidence that the market in the Fort Myers Division requires a contingency multiplier to obtain competent counsel and the Court is aware of many other cases regarding damage due to hurricanes that have been filed in the Fort Myers Division. Coy failed to show that counsel was unable to mitigate the risk of nonpayment. Further, the results obtained were satisfactory, and the risk did not appear exceptional. Therefore, the Court finds that enhancement is not warranted in this case.

**IV. Reasonable Hourly Rates**

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation. *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11, 104 S.Ct. 1541, 1547 n.11, 79 L.Ed.2d 891 (1984). The burden lies with the applicant to establish that the requested rate is in line with the prevailing market rates. Allstate asserts that each one of the attorneys's rates should be $125.00.

The Court reviewed the submissions of Coy's counsel regarding their qualifications. The Court has reviewed many requests for fees and determined the prevailing market rate in this community which may differ from the communities where Coy's counsel practices. Attorney Bryan Aylstock practiced law since 1996, Justin Witkin and Douglass Kreis since 1997, Jason Richards since 2001, Joshua Jones since 2004, Russell Rein since 2003, Alan Jackson since 2002, and Danny Hackney since 1991. Based upon attorneys with comparable skills, experience, and reputation, the Court determines that the following to be reasonable rates for Coy's attorneys:

| Attorney | Requested Hourly Rate | Hourly Rate Determined by Court |
|---|---|---|
| Bryan Aylstock | $350.00 | $275 |
| Justin Witkin | $350.00 | $275 |
| Douglas Kreis | $225.00 | $225 |
| Neil Overholtz | $225.00 | $225 |
| R. Jason Richards | $225.00 | $175 |
| Joshua Jones | $225.00 | $150 |
| Russell Rein | $225.00 | $150 |

| Alan Jackson | $225.00 | $150 |
| Danny Hackney | $225.00 | $225 |

Allstate does not object to the rates charged by the paralegals. The Court reviewed the rates charged and determines that $90.00 and $75.00 per hour is a reasonable hourly rate. The following are the rates for the paralegals:

| Wanda Jenkins | $90.00 |
| Angela Blankenship | $90.00 |
| Sarah Elder | $75.00 |
| Allison Smith | $75.00 |
| Melissa Bach | $75.00 |

### V. Prejudgment Interest

Coy asserts that she is entitled to recover prejudgment interest for herself and for Lu Ann Guy arguing that prejudgment interest is an element of compensatory damages citing to *Zunde v. International Paper Co.*, 2000 WL 1763843 (M.D. Fla. 2000). The Court agrees with Allstate that Coy has not shown that she has standing to assert a claim for prejudgment interest on behalf of Guy, therefore, the Court determines this request should be denied. Further, Coy has not provided any language from the Settlement Agreement which provides that she is to recover prejudgment interest. The Court determines that Coy has failed to show that she is entitled to prejudgment interest.

### VI. Costs

Congress has comprehensively regulated the taxation of costs in federal courts. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987), *See also, Zunde v. International Paper Co.* 2000 WL 1763843 *1 (M.D. Fla. 2000) (in diversity cases, costs are determined by federal not state law). Absent statutory language to the contrary, courts are limited in taxing costs to those costs enumerated in 28 U.S.C. §1920. *Corwin v. Walt Disney Co.*, 468 F.3d 1329, 1346 (11th Cir. 2006).

Section 1920 provides the following list of taxable costs:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

Coy is attempting to be reimbursed for travel expenses incurred by counsel. Attorney travel is not compensable under §1920 in that this expense is not enumerated in §1920. *See*, *Corwin v. Walt Disney* Co., 468 F.3d at 1346, and *Scelta v. Delicatessen Support Services, Inc.*, 203 F.Supp.2d 1328, 1339 (M.D. Fla. 2002). Therefore, the Court will deduct all travel expenses from the taxable costs.

Coy requests that costs incurred prior to her joining the lawsuit be taxed. The Court will tax only the filing fee of $250.00 as costs prior to Coy being joined. A miscellaneous interest charge is listed throughout the list of costs. The Court will not tax interest. The following charges are not specifically listed in §1920 and are not taxable costs: research, postage charges, and office supplies.

The Court will allow copy charges, and transcript charges. The Court determines that $778.61 is taxable as costs.

## VI. Conclusion

Based upon review of the hours expended in this case, and reasonably hourly rates, the Court determined that the following is the amount of fees to be awarded in this action.

| Attorneys | Number of Hours | Hourly Rate | Total |
|---|---|---|---|
| Bryan Aylstock | 1.3 | $275 | $   357.50 |
| Justin Witkin | 1 | $275 | $   275.00 |
| Douglass Kreis | 2.9 | $225 | $   652.50 |
| Neil Overholts | 5 | $225 | $ 1,125.00 |
| Jason Richards | 97.4 | $175 | $17,045.00 |
| Joshua Jones | 25.3 | $150 | $ 3,795.00 |
| Russell Rein | 0 | $150 | 0 |
| Alan Jackson | 16 | $150 | $ 2,400.00 |
| Danny Hackney | 0 | $225 | 0 |
| **Paralegals** | | | |
| Wanda Jenkins | 3.8 | $90 | $   342.00 |
| Angela Blankenship | 0 | $90 | 0 |
| Sarah Elder | 0 | $75 | 0 |
| Allison Smith | 5.6 | $75 | $   420.00 |
| Melissa Bach | .5 | $75 | $     37.50 |
| | | | |
| **Total** | | | $26,449.50 |

It is respectfully recommended that the Amended Motion for Attorney's Fees and Costs be granted in part and denied in part and that $26,449.50 be awarded in fees and $778.61 be awarded as costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this  23rd   day of January, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE


Copies:

All Parties of Record