**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ETHEL COY,

                Plaintiff,

vs.                               Case No.  2:05-cv-103-FtM-34DNF

ALLSTATE FLORIDIAN INSURANCE
CORPORATION,

                Defendant.

_____/

## ORDER

      This cause is before the Court on Magistrate Judge Douglas N. Frazier's Report and
Recommendation (Dkt. No. 102; Report), entered January 23, 2007, recommending that
Plaintiff Coy's Amended Motion for Attorney's Fees and Costs (Dkt. No. 93; Motion), be
granted in part and denied in part. See Report at 1. On February 5, 2007, Plaintiff filed
objections to the Report. See Plaintiffs' Objections to the Magistrate Judge's Report and
Recommendation on Plaintiff's Amended Motion for Attorney's Fees and Costs (Dkt. No.
103; Objections).  Defendant then filed a response in opposition to the Objections on
February 15, 2007. See Defendant, Allstate Floridian Insurance Company's Response to
Plaintiffs' Objections to Magistrate's Report and Recommendation on Plaintiffs' Amended
Motion for Attorney's Fees and Costs (Dkt. No. 104; Response).

      The Court "may accept, reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If specific objections
to findings of facts are timely filed, the district court will conduct a de novo review of those
facts. Id.; LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).

The Court will provide a brief summary of the history of this case before turning to the issues raised by the Objections.  On March 9, 2005, Lu Ann Guy filed this insurance coverage dispute against Defendant alleging claims on behalf of herself and other similarly situated individuals.  See Complaint (Dkt. No. 1).  Then, on August 19, 2005, Plaintiff Guy filed an amended complaint, adding Plaintiff Coy as a named plaintiff.  See First Amended Complaint (Dkt. No. 31; Amended Complaint).  After class certification was denied, see Order (Dkt. Nos. 54, 57), on March 10, 2006, Plaintiff Guy filed a notice, advising the Court that she stipulated to the voluntary dismissal, with prejudice, of her cause of action.  See Stipulated Notice of Voluntary Dismissal with Prejudice (Dkt. No. 59; Guy Notice of Dismissal).  Accordingly, the Court entered an order dismissing Plaintiff Guy's cause of action with prejudice that same day.  See Order (Dkt. No. 60).

Subsequently, the remaining parties informed the Court that they had reached a partial settlement of Plaintiff Coy's claims, in which Plaintiff Coy agreed to settle her claim against Defendant for $4,294.13 and Defendant agreed to pay Plaintiff Coy's reasonable attorney's fees and costs.  See Joint Stipulation and Notice of Partial Settlement (Dkt. No. 81; Coy Notice of Settlement), filed May 22, 2006.  Based on the parties' assertions in the Coy Notice of Settlement, the Court dismissed Plaintiff Coy's claim with prejudice and directed the parties to file any motions for attorney's fees within fourteen days.  See Order (Dkt. No. 86).  Thus, on August 3, 2006, Plaintiff Coy filed the Motion, seeking an award of attorney's fees and costs in the amount of $180,739.34 as well as prejudgment interest in the amount of $420.12 for Plaintiff Guy and prejudgment interest in the amount of $560.73 for herself.  See Motion at 12, Exh. A..  After reviewing the Motion and Defendant's

opposition, see Defendant, Allstate Floridian Insurance Company's Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees and Costs (Dkt. No. 94), the Magistrate Judge entered his Report in which he recommended that Plaintiff Coy be awarded $26,449.50 in attorney's fees and $778.61 in costs, see Report at 13.

Both Plaintiff Coy and Plaintiff Guy[1] (Plaintiffs) now object to the following findings by the Magistrate Judge: 1) that Plaintiff Coy may not recover attorney's fees for time expended in furtherance of Plaintiff Guy's claim; 2) that Plaintiff Coy cannot recover prejudgment interest on behalf of Plaintiff Guy and that Plaintiff Coy is not entitled to prejudgment interest pursuant to the settlement agreement; and 3) that the time billed by attorneys or paralegals for communications with one another would be allowed by only one attorney or paralegal. See Objections at 1.  The Court will address each of the objections below.

With regard to the reduction of fees attributable to Plaintiff Guy's claim, Plaintiffs argue that the Magistrate Judge erred because he "appears to have found that [Plaintiff] Guy 'waived' her right to recover statutory fees." Id. at 4.  However, Plaintiffs have misconstrued the Magistrate Judge's finding.  After noting that Plaintiff Guy voluntarily dismissed her cause of action with prejudice and that the Motion was brought on behalf of Plaintiff Coy only, the Magistrate Judge found that Plaintiff Coy had failed to provide support for her proposition that she could recover fees from Defendant for work done on Plaintiff Guy's behalf.  See Report at 2 n.2, 6.  Thus, the Magistrate Judge deducted this time.  See id. at 6.  The Court agrees that Plaintiff Coy should not recover attorney's fees for time spent exclusively on

---

[1]     The Court notes that although the Motion was brought by Plaintiff Coy on her own behalf only, see Motion at 1, the Objections were filed on behalf of both Plaintiff Coy and Plaintiff Guy, see Objections at 1.

Plaintiff Guy's claim.  See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1267 (11th Cir.

2000) (indicating that an insured's right to attorney's fees pursuant to FLA.STAT. § 627.428

is distinct to the litigation brought on behalf of each particular insured); Brother v. Int'l Beach

Club Condo. Ass'n, Inc., No. 6:03-CV-444-ORL28DAB, 2005 WL 1027240, at *4-5 (M.D. Fla.

Apr. 28, 2005) (declining to award fees not incurred on behalf of the plaintiff against the

defendant).  Accordingly, this objection is due to be overruled.[2]

Next, Plaintiffs assert that the Magistrate Judge erred in denying Plaintiff Coy

prejudgment interest on both Plaintiff Coy's recovery and Plaintiff Guy's recovery because

Florida law provides that a prevailing party is entitled to prejudgment interest.  See

Objections at 6-7.  The Magistrate Judge recommended the denial of  prejudgment interest

because Plaintiff Coy did not show that she had standing to assert a claim for prejudgment

interest on behalf of Plaintiff Guy and because Plaintiff Coy's settlement agreement did not

provide for an award of prejudgment interest.  See Report at 10.  With regard to Plaintiff

Coy's request for prejudgment interest on Plaintiff Guy's recovery, the Court agrees with the

Magistrate Judge's determination that Plaintiff Coy has not shown that she has standing to

assert such a claim.  As for Plaintiff Coy's request for prejudgment interest on her own

settlement award,  the Court recognizes that a plaintiff is entitled to prejudgment interest in

Florida as an element of compensatory damages.  See Ins. Co. of N. Am. v. Lexow, 937

F.2d 569, 571 (11th Cir. 1991).  However, in the instant case, Plaintiff Coy settled her claim

for $4,294.13 and submitted only the issue of attorney's fees and costs to the Court for

---

[2]       Further, to the extent Plaintiff Guy is attempting to assert her own claim for attorney's fees at
this time, the request is not well taken.  As noted above, Plaintiff Guy voluntarily dismissed her claim with
prejudice.  The Motion was brought on behalf of Plaintiff Coy only, and whether Plaintiff Guy is entitled to
attorney's fees on her own behalf is not properly before the Court.

resolution.  <u>See</u> Coy Notice of Settlement at 2.  As prejudgment interest is an element of compensatory damages and not of attorney's fees, the undersigned concurs with the Magistrate Judge's determination that Plaintiff Coy is not entitled to an award of prejudgment interest.[3]  Thus, this objection will be overruled.

Lastly, Plaintiffs contend that the Magistrate Judge erred when he reduced the time charged by two attorneys or paralegals for communications with one another as redundant. <u>See</u> Objections at 3-4.  In support of the fee request, Plaintiff Coy submitted time records for nine attorneys and five paralegals who were involved in the case.  <u>See</u> Motion, Exh. A (Billing Records) at 1.  The Magistrate Judge reviewed the case and the Billing Records before determining that Plaintiff Coy's claim was not complex or novel, the skill of Plaintiff Coy's counsel was not out of the ordinary, the result obtained was not extraordinary, and the number of hours claimed by Plaintiff Coy's counsel were generally not reasonable.  <u>See</u> Report at 5.  The Magistrate Judge went on to find that the "great deal of time charged by two attorneys or paralegals for the communicating with one another regarding the case" was redundant and should be allowed by only one attorney participating in the communication. <u>See</u> <u>id.</u>  Accordingly, the Magistrate Judge allowed Jason Richards, who appears to have been lead counsel in this case, to recover for the time spent communicating with other

---

[3]     Additionally, even were the Court to consider whether prejudgment interest should be awarded pursuant to FLA.STAT. § 627.428, where an insured prevails against an insurer, a court shall award the insured only "a reasonable sum as fees or <u>compensation for the insured's . . . attorney</u> . . . ." FLA.STAT. § 627.428(1) (emphasis added).  Thus, this statute also does not contemplate that a prevailing insured, rather than counsel, would be awarded additional sums.  <u>See</u> <u>id.</u>

attorneys and paralegals while deducting this time from the other participant to the communication.[4]  See id. at 7, 8.

Plaintiffs now assert that the Magistrate Judge failed to provide support for this deduction.  See Objections at 3.  While attorney time spent in conferences with one another is  generally compensable, see Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County, 278 F.Supp.2d 1301, 1315 (M.D. Fla. 2003); Scelta v. Delicatessen Support Servs., Inc., 203 F.Supp.2d 1328, 1333 (M.D. Fla. 2002); Review Publ'ns, Inc. v. Navarro, No. 89-1187-Civ-Kehoe, 1991 WL 252962, at *6 (S.D. Fla. June 26, 1991), when multiple attorneys are retained, a reduction in duplicated time is warranted where the attorneys are "unreasonably doing the same work." Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983) (emphasis in original).  Further, "[g]eneralized statements that the time spent was reasonable or unreasonable . . . are not particularly helpful and not entitled to much weight."   Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988).  In the Motion, instead of explaining the need for multiple attorneys and paralegals or describing their "distinct contribution" to the outcome of the case, see Johnson, 706 F.2d at 1208, Plaintiff Coy simply concludes that the time requested was reasonable.  See Motion at 3.  Even in the Objections, Plaintiffs state

---

[4]     While Plaintiff Coy objects to the Magistrate Judge's determination that time spent conferring between attorneys and paralegals should be cut, she does not specifically object to the process employed by the Magistrate Judge in calculating this deduction.  See Objections at 1-8.  The Court notes that the Magistrate Judge did not specifically describe the manner in which he determined which attorney would be allowed to claim the time spent communicating with another attorney or paralegal.  See Report at 5, 7-8.  Nevertheless, after reviewing the Billing Records and deducting all time spent on Plaintiff Guy's case alone and time spent litigating the class certification issue from each attorney and paralegal submission, the Court was able to determine that the Magistrate Judge allowed only the communications time claimed by Jason Richards while deducting all remaining time.  As Jason Richards appears to have been the lead counsel in this case and as all claimed communications were between him and the remaining attorneys and/or paralegals, the Court finds this method for deducting the communication time to be reasonable.

merely that multiple attorneys were used for the same reasons summarized in the <u>Louis v. Nelson</u>, 646 F.Supp. 1300, 1314 (S.D. Fla. 1986), case.  <u>See</u> Objections at 3-4.  However, the <u>Louis</u> case was a five year long class action that involved novel and complex issues, local and out-of-state counsel conferences and strategy sessions, and intense briefing.  <u>See</u> Louis, 646 F.Supp. at 1308-09.  Contrary to <u>Louis</u>, in the instant case, Plaintiffs' litigation was relatively short and resulted in a denial of class certification.  While Plaintiffs' fiduciary duty claim was arguably novel, as found by the Magistrate Judge, the case as a whole was not complex.  <u>See</u> Report at 5.  Additionally, based upon a review of the time records, the vast majority of the communications between the attorneys and paralegals appear to have been quick emails, the content of several of which the Court cannot determine based on the descriptions given.  Thus, the undersigned agrees with the Magistrate Judge that in the particular matter before the Court, Plaintiff Coy's counsel's time spent communicating with one another was duplicative and not reasonable.  In calculating the amount of time to deduct for the duplicative work, the Court will also adopt the Magistrate Judge's recommendation that these communications should be allowed by only one attorney.   In light of the foregoing, the Court will overrule this objection as well.

The undersigned has conducted an independent examination of the record and Plaintiff's objections.  As explained above and based upon <u>de novo</u> review, the Court will overrule the objections and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED**

1) Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation on Plaintiff's Amended Motion for Attorney's Fees and Costs (Dkt. No. 103) are **OVERRULED**.

2) The Magistrate Judge's Report and Recommendation (Dkt. No. 102) is **ADOPTED**.

3)  The Clerk of the Court is directed to enter a Second Amended Judgment adding that Plaintiff Coy is awarded fees in the amount of $26,449.50 and costs in the amount of $778.61, for a total award of $27,228.11.

4)  Any other pending motions and deadlines shall be terminated as moot and the case closed.

**DONE AND ORDERED** in Chambers, this 14th day of June, 2007

**MARCIA MORALES HOWARD**
United States District Judge

lc2

Copies to:

Counsel of Record